IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK09-40067-TLS |
| ) | |
| FIRST AMERICANS INSURANCE ) | CH. 11 |
| SERVICE, INC., ) | |
| ) | |
| Debtor. ) | |
| THOMAS D. STALNAKER, ) | ADV. NO. A11-4074-TLS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAN FITCH, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on November 28, 2011, on a motion to dismiss adversary proceeding (Fil. #4) and a supplemental motion to dismiss (Fil. #5) filed by Defendant, resistances (Fil. #6 and #8) filed by Plaintiff, and a response by Defendant (Fil. #9). John Stalnaker appeared for Plaintiff, John Raynor appeared for Defendant, and Patrick Heng appeared for defendants in the other related cases involving Debtor. Evidence was received, and the matter was taken under advisement.

For the reasons set forth below, Defendant's motion to dismiss and supplemental motion to dismiss are denied.

Plaintiff is the duly-appointed, qualified, and acting trustee in bankruptcy of the bankruptcy estate of First Americans Insurance Service, Inc. ("First Americans"). This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334, 157, and Bankruptcy Rule 7001. This is a core proceeding seeking the avoidance of pre-petition transfers under 11 U.S.C. §§ 544, 547, and 548, and/or turnover of property or the value thereof pursuant to 11 U.S.C. § 550.

*Factual and Procedural Background*

On January 12, 2009, First Americans filed its voluntary petition under Chapter 11 of the Bankruptcy Code. On February 3, 2009, Thomas D. Stalnaker was appointed as the Chapter 11 trustee of the bankruptcy estate.

On December 14, 2010, the trustee filed his motion for an order extending the statute of limitations imposed by § 546(a) of the Bankruptcy Code (Fil. #215 in Case No. BK09-40067-TLS). The motion asserted in pertinent part that there was an ongoing investigation being conducted by

the Federal Bureau of Investigation ("FBI") and the Department of Justice into Debtor's business of selling indebtedness agreements; that the trustee has investigated the existence and viability of avoidance actions; that he believed the estate had claims against each individual and entity who received payment under an indebtedness agreement with First Americans; that the FBI had seized all of Debtor's documentation; that the trustee had only recently received access to Debtor's documents; and that the trustee had turned over the documents to forensic accountants to assist in the analysis of potential avoidance actions. The application further stated that the trustee had directed correspondence to approximately 450 transferees requesting the return of various amounts that they received; that the trustee was attempting to negotiate resolution of the majority of those claims without commencing litigation; and that it would reduce attorneys fees and litigation costs to continue to attempt to resolve as many of the claims as possible without litigation. Finally, the application requested that the expiration of statute of limitations for commencing avoidance actions under 11 U.S.C. § 546 be extended from January 12, 2011, to July 12, 2011.

On December 15, 2010, the trustee filed his Notice Setting Objection/Resistance Deadline and Certificate of Service (Fil. #218 in Case No. BK09-40067-TLS) pursuant to Local Rule 9013-1 stating that he mailed the motion and notice to all parties in interest listed on the attached mailing matrix. The mailing matrix shows that a copy was mailed to Defendant at the same address that was used for service of the complaint in this adversary proceeding. The notice advised parties that they had until December 22, 2010, to file a resistance to the motion. It further provided that if a timely resistance is filed, the motion would be called for hearing on January 3, 2011, at 9:00 a.m.

Five different objections were filed to the trustee's motion to extend the statute of limitations, including one by the Official Committee of Unsecured Creditors. However, three of the objections were withdrawn prior to the hearing on January 3, 2011, and the remaining objections were verbally withdrawn during the January 3, 2011, hearing. Accordingly, because there were no remaining objections and because the trustee stated adequate cause in support of the motion, this court granted the trustee's motion on January 3, 2011 (Fil. #244 in Case No. BK09-40067-TLS). That order has not been appealed, nor has any party requested reconsideration of the court's order.

Subsequently, several individual plaintiffs filed an adversary proceeding (Case No. A11-4037-TLS) seeking a declaratory judgment that this court's order of January 3, 2011, did not, as a matter of law, extend the statute of limitations. Alternatively, the plaintiffs sought a determination pursuant to Rule 60(b) of the Federal Rules of Civil Procedure that the order should be set aside. The plaintiffs filed a motion for summary judgment and this court held:

> The Plaintiff's motion for summary judgment (Fil. #13) is denied. The time limitation in section 546 is a statute of limitation and is not jurisdictional. *Myers v. Raynor (In re Raynor)*, 617 F.3d 1065, 1070-71 (8th Cir. 2010). Therefore, it is subject to waiver and equitable tolling. *IBT Intl, Inc. v. Northern (In re Intl Admin. Servs., Inc.)*, 408 F.3d 689, 699 (11th Cir. 2005). Accordingly, this court's six-month extension of the statute of limitations for equitable reasons was proper under the circumstances raised in the motion to extend. Since this Motion is essentially a motion for judgment on the pleadings under FRCP 12(c), there are no factual issues

> in dispute and this Order resolves the ultimate legal issue in this case, judgment is hereby entered in favor of Defendant and Plaintiff's petition is dismissed.

(Fil. #29 in Case No. BK11-4037-TLS). The plaintiffs did appeal that order, but the appeal was later dismissed by the plaintiffs.

Subsequently, on June 21, 2011, well prior to the expiration of the statute of limitations as extended, the trustee filed this adversary proceeding. Defendant has not filed an answer, but instead, has filed a motion to dismiss under Federal Rule of Civil Procedure 12 asserting that the two-year statute of limitations had run prior to the commencement of this proceeding and that this court's order extending the statute of limitations was improper. Defendant further argues that the plaintiff's complaint is insufficient under federal pleading rules.

*Discussion*

Addressing first the statute of limitations argument, Defendant expended considerable effort in his brief and at the hearing arguing that this court's granting of the motion to extend the statute of limitations was improper. However, such an argument goes to the merits of the court's decision to grant the motion which, under the circumstances of this case, is akin to putting the cart before the horse. Regardless of whether this court *should* have granted the motion, the fact remains that it *did* grant the motion to extend. That order was not appealed, and is now final. If an aggrieved party does not file a timely notice of appeal of a judgment, order, or decree entered by the bankruptcy court, that judgment, order, or decree becomes final. Fed. R. Bankr. P. 8001(a) and (b), 8002, and 8003; *Pilliod of Carolina, Inc. v. Ray (In re Ark. Wholesale Furniture, Inc.)*, 19 B.R. 1013, 1014 (E.D. Ark. 1982).

When questioned at the hearing regarding the finality of the order, counsel for Defendant asserted that the order cannot be final if it is improper and further raised due process concerns since his client was not a "party" to an adversary proceeding at the time the extension order was entered. Those same arguments were addressed last year by the United States Supreme Court in *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367 (2010).

In *Espinosa*, the debtor obtained confirmation of a Chapter 13 plan which proposed repayment of only the principal portion of his student loan debt while discharging the accrued interest without commencing an adversary proceeding or obtaining an undue hardship determination. The Bankruptcy Code provides that a debtor may obtain a discharge of certain government-sponsored student loan debts only if the failure to discharge that debt would impose an undue hardship on the debtor and his dependents. 11 U.S.C. §§ 523(a)(8), 1328. The debtor in *Espinosa* did not initiate an adversary proceeding as required for the discharge of a student loan debt. The creditor received notice of the plan, but did not object to it. Further, the creditor did not appeal the confirmation order. Later, the creditor filed a motion under Federal Rule of Civil Procedure 60(b)(4) asking the bankruptcy court to rule that its order confirming the plan was void because it was issued in violation of the Code and rules. The United States Supreme Court held in *Espinosa* that the bankruptcy court order confirming Espinosa's proposed plan was a final judgment which United did

not appeal. However, the Supreme Court recognized that Rule 60(b) provides an "exception to finality if the judgment is void." *Id.* at 1376. Specifically:

> A void judgment is a legal nullity. *See* Black's Law Dictionary 1822 (3d ed. 1933); *see also id.*, at 1709 (9th ed. 2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. *See Restatement (Second) of Judgments* 22 (1980); *see generally id.*, § 12. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.

*Id.* at 1377. Further, the Supreme Court stated: "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citations omitted).

Here, Defendant does not appear to be arguing that this court did not have "jurisdiction" over the motion to extend the statute of limitations. In fact, it is quite clear that this court did have such jurisdiction since the motion was filed in a bankruptcy case under Title 11. Further, it is undisputed that the statute of limitations is not jurisdictional. *Myers v. Raynor (In re Raynor)*, 617 F.3d 1065, 1070-71 (8th Cir. 2010).

Defendant did raise a due process argument, asserting that Defendant had never been formally served with a summons and complaint in an adversary proceeding and, therefore, did not have adequate notice of the motion. This argument was also addressed in *Espinosa* and was quickly disposed of as follows:

> Espinosa's failure to serve United with a summons and complaint deprived United of a right granted by a procedural rule. *See* Fed. Rule Bkrtcy. Proc. 7004(b)(3). United could have timely objected to this deprivation and appealed from an adverse ruling on its objection. But this deprivation did not amount to a violation of United's constitutional right to due process. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950); *see also Jones v. Flowers*, 547 U.S. 220, 225, 126 S. Ct. 1708, 164 L. Ed.2 d 415 (2006) ("[D]ue process does not require actual notice . . ."). Here, United received *actual* notice of the filing and contents of Espinosa's plan. This more than satisfied United's due process rights. Accordingly, on these facts, Espinosa's failure to serve a summons and complaint does not entitle United to relief under Rule 60(b)(4).

*Espinosa*, 130 S. Ct. at 1378.

Just as in *Espinosa*, Defendant in the present case received notice that was reasonably calculated to afford him the opportunity to present objections. Specifically, the trustee asserted in his motion to extend that he had previously contacted all of the potential defendants in writing, making written demand for recovery of the avoidable transfers. Subsequently, as the end of the statute of limitations approached, the trustee filed a motion to extend the statute of limitations and served the same on each and every potential defendant. Although some potential defendants did file objections, which were later withdrawn, Defendant in this case did not object.[1]

The Supreme Court also specifically addressed in *Espinosa* the creditor's argument that it had no legal obligation to object to the plan until it was served with a summons and complaint, as follows:

> United's response – that it had no obligation to object to Espinosa's plan until Espinosa served it with the summons and complaint the Bankruptcy Rules require, Brief for Petitioner 33 – is unavailing. Rule 60(b)(4) does not provide a license for litigants to sleep on their rights. United had actual notice of the filing of Espinosa's plan, its contents, and the Bankruptcy Court's subsequent confirmation of the plan. In addition, United filed a proof of claim regarding Espinosa's student loan debt, thereby submitting itself to the Bankruptcy Court's jurisdiction with respect to that claim. *See Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 112 L. Ed. 2d 343 (1990) (per curiam). United therefore forfeited its arguments regarding the validity of service or the adequacy of the Bankruptcy Court's procedures by failing to raise a timely objection in that court.

*Id.* at 1380.

Similarly, the Defendant here has filed a proof of claim and thereby submitted himself to the bankruptcy court's jurisdiction. Having failed to object after being provided with notice of the trustee's motion to extend the statute of limitations, Defendant has forfeited, or waived, its arguments regarding the validity of the extension.

In any event, this court believes that the trustee's motion stated adequate cause and a valid equitable basis for extension of the statute of limitations for a period of six months. The trustee had only recently obtained all of Debtor's information from the FBI and was in the process of working with a forensic accountant to analyze that information. The trustee had more than 450 potential claims to address, and hoped to reduce the ultimate scope of litigation over the next several months. The extension was meritorious for equitable reasons. Regardless, Defendant had notice of the motion, Defendant did not object, the motion was granted, and Defendant did not appeal. Accordingly, Defendant has waived any objection to the extension of the statute of limitations.

---

[1] Although Defendant questions whether he actually received the trustee's motion, the court notes that the address the trustee used when serving a copy of the motion is the address Defendant designated in his proof of claim and is the same address the trustee used to serve his adversary complaint (and Defendant obviously received that service).

Defendant also seeks dismissal based on alleged pleading defects. Federal procedural rules require a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008(a). The court accepts "as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

The United States Supreme Court modified the standards for courts to consider when scrutinizing a complaint pursuant to a Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

> The plaintiffs need not provide specific facts in support of their allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S. Ct. at 1964-65 & n.3. The complaint must "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005). Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim. *Id.*

*Schaaf*, 517 F.3d at 549.

"The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . ., rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Twombly*, 550 U.S. at 557)). The court must accept a plaintiff's specific factual allegations as true, but is not required to accept a plaintiff's legal conclusions. *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010). As long as the complaint contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations, it may proceed. *Twombly*, 550 U.S. at 556.

To the extent the plaintiff is alleging fraud, Federal Rule of Civil Procedure 9(b), adopted by Federal Rule of Bankruptcy Procedure 7009, requires that circumstances constituting fraud must be stated with particularity. Rule 9(b) is interpreted "'in harmony with the principles of notice pleading,' and to satisfy it, the complaint must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)). Some courts have analogized this to news reporting, covering the who, what, when, where, and how of the alleged fraud. *Drobnak*, 561 F.3d at 783, 784. While a fraud complaint usually "'must provide some representative examples of [the] alleged fraudulent conduct,' specifying 'the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result,'" *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556-57 (8th Cir. 2006)), in instances where "the facts constituting the fraud are peculiarly within the opposing party's knowledge, . . . such allegations may be pleaded on information and belief." *Drobnak*, 561 F.3d at 783-84. In *Drobnak*, the plaintiffs alleged fraud against a window manufacturer for design and manufacturing issues concerning insulated windows. The fraud counts were properly dismissed, the appellate court ruled, because the plaintiffs made "sweeping allegations" but did not plead facts to support their allegations or identify the facts upon which their belief was based. Moreover, "[a]t the time the suit was filed, the plaintiffs – not Andersen – had sole access to the factual underpinnings supporting the conclusion that their windows did not contain inert gas," so the plaintiffs should not have had to rely on information and belief and should have been able to plead with more specificity.

In the present case, the trustee recited the elements of each of the alleged causes of action, which all concern the transfer of funds within time frames that are, by statute, presumed to signify fraudulent conduct. The trustee also listed the date and amount of each transfer he is challenging. Such facts are enough to raise a reasonable expectation that discovery will reveal evidence supporting the trustee's allegations, and are sufficient to withstand the defendant's supplemental motion to dismiss.

IT IS, THEREFORE, ORDERED that for the foregoing reasons, Defendant's motion to dismiss (Fil. #4) and supplemental motion to dismiss (Fil. #5) are denied. Defendant shall have until December 31, 2011, to answer or otherwise plead.

DATED: December 8, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    John Stalnaker
    *John Raynor
    Patrick Heng
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.