IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. BK09-40067-TLS |
| FIRST AMERICANS INSURANCE | ) | A11-4074-TLS |
| SERVICE, INC., | ) | |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| THOMAS D. STALNAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAN FITCH, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT and RECOMMENDATION

This matter is before the court on the defendant's motion to withdraw the reference of this adversary proceeding to the bankruptcy court (Fil. No. 27), and resistance by the plaintiff (Fil. No. 35). John P. Raynor represents the defendant, and John D. Stalnaker and Robert J. Becker represent the plaintiff. The motion is governed by Nebraska Rule of Bankruptcy Procedure 5011-1A and General Rule 1.5(b) of the United States District Court for the District of Nebraska, and was ruled on without oral arguments.

I recommend to the United States District Court for the District of Nebraska that the motion be denied.

The plaintiff is the duly-appointed, qualified, and acting trustee in bankruptcy of the bankruptcy estate of First Americans Insurance Service, Inc. ("First Americans"). He filed this adversary proceeding to seek the avoidance of pre-petition transfers under 11 U.S.C. §§ 544, 547, and 548, and/or turnover of property or the value thereof pursuant to 11 U.S.C. § 550.

Prior to filing bankruptcy, First Americans was in the business of selling indebtedness agreements and/or notes, and allegedly represented to purchasers that the profits from its insurance business would be used to make interest payments on those notes. The defendant allegedly was the recipient of payments totaling nearly $1.2 million from First Americans within the two years before it filed for bankruptcy protection. The bankruptcy trustee now seeks to recover those funds for the estate.

The defendant previously moved to dismiss this adversary proceeding on the grounds of untimely and inadequate pleadings, but those motions were denied. *See* Order of Dec. 8, 2011 (Fil.

No. 25). He then filed the present motion to withdraw the reference, challenging the bankruptcy court's jurisdiction.

Bankruptcy courts (through the district courts) have exclusive jurisdiction over all cases under title 11, and original but not exclusive jurisdiction over all civil proceedings arising under title 11 or arising in or related to a case under title 11, as set forth in 28 U.S.C. § 1334(a) and (b). A non-core, "related to" proceeding is one in which the outcome "could conceivably have [an] effect on the estate being administered in bankruptcy." *Schmidt v. Klein Bank (In re Schmidt)*, 453 B.R. 346, 350 (B.A.P. 8th Cir. 2011) (citing *GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567 F.3d 1010, 1017 (8th Cir. 2009)).

Under the provisions of 28 U.S.C. § 157(d), the district court may withdraw the reference of a bankruptcy case from the bankruptcy court if cause is shown.

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

The defendant asserts cause for permissive withdrawal of the reference because the bankruptcy court lacks the requisite jurisdiction to adjudicate the allegations in the complaint in any respect. The defendant's jurisdictional argument rests on *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011), which he interprets to stand for the proposition that an Article I court cannot adjudicate any action that seeks to augment the bankruptcy estate.

The Bankruptcy Appellate Panel of the Eighth Circuit Court of Appeals recently discussed *Stern*'s effect on bankruptcy court jurisdiction in *Badami v. Sears (In re AFY, Inc.)*, ___ B.R. ___, 2012 WL 98510 (B.A.P. 8th Cir. Jan. 13, 2012). Here, the B.A.P. describes the general scope of bankruptcy court jurisdiction:

> Congress has allowed district courts to refer bankruptcy cases and proceedings to the bankruptcy judges in its district. 28 U.S.C. § 157(a). The United States District Court for the District of Nebraska has made such a reference. Thus, whatever jurisdiction Congress vested in the district court, has now been referred to the bankruptcy court. However, Congress, aware of constitutional limitations, has limited the bankruptcy court's authority over these referred cases and proceedings. Congress has granted the bankruptcy court the authority to hear *and determine* all bankruptcy cases and all core proceedings arising under the Bankruptcy Code or arising in a bankruptcy case. *Id.* § 157(b)(1). If a proceeding is not a core proceeding,

the bankruptcy judge may still hear the proceeding, but may not determine it. In the latter situation the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court. *Id.* § 157(c)(1). Lastly, a bankruptcy judge may hear and determine a non-core proceeding with the consent of the parties. *Id.* § 157(c)(2).

Thus, the first question in determining a bankruptcy judge's authority to enter a final order is to see if Congress has granted the court the statutory authority to do so by designating it a core proceeding.

*Id.* at *3-4.

In *AFY*, the adversary proceeding involved matters that fell within several defined examples of core proceedings, so the B.A.P. continued with its jurisdictional discussion, evaluating whether, under *Stern*, the congressional "grant of authority to bankruptcy judges under any or all of these core subdivisions is unconstitutional as violative of Article III." *Id.* at *4. The B.A.P. concluded that it was not unconstitutional because the Supreme Court limited the holding of *Stern* to the narrow issue of the unconstitutionality of bankruptcy court authority to determine counterclaims by the bankruptcy estate against persons filing claims against the bankruptcy estate, at least to the extent the counterclaim arose under non-bankruptcy law. "Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional." *Id.*

In the present case, the plaintiff's causes of action are core proceedings. The avoidance and recovery of preferential transfers under 11 U.S.C. § 547 is a core proceeding under 28 U.S.C. § 157(b)(2)(F). Avoidance and recovery of fraudulent transfers under 11 U.S.C. § 548 is a core proceeding under 28 U.S.C. § 157(b)(2)(H). Avoidance and recovery of fraudulent transfers under state law via 11 U.S.C. § 544(b)(1) is also a core proceeding under 28 U.S.C. § 157(b)(2)(H). Under *Stern*, bankruptcy court jurisdiction over core proceedings such as these is constitutional.

The Supreme Court has made clear that, although a person who has not filed a claim against the bankruptcy estate has a right to a jury trial when sued by the bankruptcy trustee to recover allegedly fraudulent monetary transfers because those are actions at law, "by submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims[.]" *Granfinanciera, S.A. v. Nordberg*, 429 U.S. 33, 59 n.14 (1989) (citing *Katchen v. Landy*, 382 U.S. 323 (1966)). Here, the defendant has filed a proof of claim in the First Americans case and has therefore brought himself within the court's jurisdiction, because the resolution of the trustee's causes of action are a necessary part of the claims resolution process.

To the extent the complaint includes causes of action that are not core proceedings, they are certainly related to the First Americans bankruptcy case, which gives the bankruptcy court the authority to hear those causes of action and recommend their disposition to the district court for entry of final judgment.

There is also a procedural issue raised by the defendant's motion. As noted above, his motion to dismiss was denied on December 8, 2011. He had 14 days to appeal that decision, Fed. R. Bankr. P. 8002(a), but did not do so. His challenge to the court's jurisdiction at this juncture certainly appears to be an attempted collateral attack on the order denying the dismissal motion. There are few valid grounds for such an attack, *see* Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60, and none of those grounds exist here.

Therefore, I respectfully recommend that the United States District Court for the District of Nebraska deny the defendant's motion to withdraw the reference for the following reasons:

(1) Most, if not all, of the plaintiff's causes of action are core proceedings which the bankruptcy court may hear and decide;

(2) The bankruptcy court has related-to jurisdiction over any non-core proceedings raised in the case and may hear those matters, subject to limitations on its right to enter final judgment; and

(3) The defendant's motion is an invalid substitute for a timely appeal of the adverse decision entered on his motion to dismiss.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED: January 20, 2012.

                RESPECTFULLY SUBMITTED,

                /s/ Thomas L. Saladino
                Chief Judge

Notice given by the Court to:
    John Stalnaker
    Robert J. Becker
    *John Raynor
    United States Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.